IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONNA THORNTON** | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| | : | |
| | : | NO. 22-cv-2392-MRP |
| **ANALOG DEVICES, INC** | : | |
| Defendant | : | |

**MEMORANDUM AND ORDER**

**Perez, J**                                                                                                                  May 24, 2023

      Plaintiff Donna Thornton brings this employment discrimination action against her former employer Analog Devices, Inc. ("ADI") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Pennsylvania Human Relations Act ("PHRA"), and the Equal Pay Act ("EPA"). The matter comes before the Court on Defendant's Motion for Summary Judgment. (Doc. No. 34). Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment removes the need for a trial only in those cases where there is no genuine issue as to any material fact, entitling the moving party to judgment as a matter of law. The summary judgment standard is "applied with added rigor in employment discrimination cases, where intent and credibility are crucial issues." *Stewart v. Rutgers*, 120 F.3d 426, 431 (3d Cir.1997) (quoting *Robinson v. PPG Indus. Inc.*, 23 F.3d 1159, 1162 (7th Cir.1994). Given that there are countless disputed issues of fact and credibility that must be determined by a jury in the present case, Defendant's motion is **DENIED**[1].

      Viewing the evidence in a light most favorable to Plaintiff as the nonmoving party, the relevant facts are as follows. Plaintiff, Donna Thornton, is a woman with decades of sales

---

[1] In her response brief, Plaintiff indicated that she is voluntarily waiving her disparate pay claim under the Equal Pay Act. The retaliation claim as it relates to the EPA will remain.

experience who began her employment with Defendant, Analog Devices, Inc., on May 17, 2021 as a Medical Saas Sales Specialist. In securing the job, Ms. Thornton underwent a demanding selection process, involving a series of panel interviews and presentations with Defendant. Though Defendant disputes it, there is sufficient evidence in the record to support Plaintiff's contention that another individual, a male named Glen Champlin, was competing with Plaintiff for the same role. At the time of her hire, Defendant advised Ms. Thornton that her title could be revisited but that her salary was not negotiable because it was the only sales role available and was tied to a fixed budget. It is undisputed that Mr. Champlin was ultimately hired for a director-level position several weeks after Ms. Thornton.

      Ms. Thornton worked within the Medical Products business unit led by Managing Director Venu Gopinathan. Plaintiff has provided evidence that from the outset of her employment with ADI, Mr. Gopinathan consistently treated Ms. Thornton with excessive hostility and condescension. During team meetings, he belittled her contributions, spoke to her in a patronizing way, or simply ignored her presence. Plaintiff contends that she was ultimately barred from speaking during meetings and removed from business discussions. Not being offered a robust onboarding by ADI and not well respected by Mr. Gopinathan, Plaintiff was never able to fully integrate into the company as a new hire. The record contains evidence from which a reasonable jury could conclude that Mr. Gopinathan did not treat Plaintiff's male colleagues with the same blatant disdain, most notably Mr. Champlin. Plaintiff has presented evidence that other women working under Mr. Gopinathan were also treated in a similarly hostile fashion disparately from male counterparts.

      Within a month of joining the company, Ms. Thornton began to raise concerns with Mr. Brown and HR about the way she was being treated. None of her complaints, which escalated

during the following weeks, were ever investigated. Shortly after her initial complaint, her job responsibilities were substantially reduced and she was directed to give critiqued presentations to the business unit with HR present. By September of 2021, Ms. Thornton was placed on a formal performance improvement plan ("PIP") and ultimately terminated by ADI that December. Moving for summary judgment, Defendant argues that Plaintiff was terminated based on her poor work performance and an inability to understand the product she was hired to sell. However, this Court finds that Plaintiff has introduced evidence from which a reasonable jury could conclude that ADI's proffered reasoning is pretextual under the *McDonnell Douglas* framework.[2]

The record establishes sufficient facts to satisfy the *prima facie* standard for gender discrimination in the workplace, namely: (1) Plaintiff is a woman; (2) Plaintiff was qualified for the position; (3) she suffered an adverse employment action; and (4) that adverse employment action gives rise to an inference of unlawful discrimination.[3] Viewed in a light most favorable to Plaintiff, this Court finds that a reasonable jury could conclude that she was fired because of her gender and retaliated against for lodging a disparate pay and discrimination complaint against

---

[2] Because Ms. Thornton is proceeding under a pretext theory and does not present any "direct evidence" of discrimination, her claims are governed by the burden-shifting *McDonnell Douglas* analysis. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002); *Atkinson v. LaFayette Coll.*, 460 F.3d 447, 454 & n.7 (3d Cir. 2006); *Starceski v. Westinghouse Electric Corp.*, 54 F.3d 1089, 1096, n. 4 (3d Cir. 1995). Under the burden-shifting analysis, Plaintiff must first establish a *prima facie* case of discrimination based on her gender. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Establishing a *prima facie* case of discrimination "is not onerous and poses a burden easily met." *Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358, 365 (3d Cir. 2008) (internal quotation marks omitted) (quoting *Tex. Dep't of Corr. Affs. v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)). Upon satisfaction of the prima facie standard, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its adverse employment action. *Fasold v. Justice*, 409 F.3d 178, 184 (3d Cir. 2005). If the employer presents such a reason, the employee must then produce evidence that is sufficient to allow a reasonable jury to find by a preponderance of the evidence that the employer's proffered justification is false or pretextual. *Sarullo v. United States Postal Serv.*, 352 F.3d 789, 797 (3d Cir.2003) (per curiam).
[3] *See Sarullo v. United States Postal Serv.*, 352 F.3d 789, 800 (3d Cir.2003) (citations omitted), *cert. denied*, 541 U.S. 1064, 124 S.Ct. 2392, 158 L.Ed.2d 964 (2004); *Goosby v. Johnson & Johnson Med., Inc.*, 228 F.3d 313, 318–19 (3d Cir.2000); *Pivirotto v. Innovative Sys., Inc.*, 191 F.3d 344, 357 (3d Cir.1999).

Defendant. The evidence produced by Plaintiff regarding the hostile work environment she was exposed to, chiefly by Mr. Gopinathan, was sufficiently severe and pervasive as a matter of law. This court, of course, takes no position on the merits of this action. However, viewing the evidence in the light most favorable to the plaintiff, as the court must at this stage, there exist genuine disputes of material facts. See Fed. R. Civ. P. 56(a). Accordingly, Defendant's Motion is denied. An appropriate Order will follow.